## WILLIAM W. STEVENS *versus* IRENE S. RECORD.

In accordance with the terms of a deed of submission, entered into by the plaintiff, defendant and one other, the referees awarded under seal that, of the $100 charged by them for fees, this defendant should pay $80, this plaintiff $13, and the other party $7, these being the several sums charged by the referees respectively. The defendant alone refusing to perform her part of the award, was sued jointly with the other parties to the submission, by the referee who charged the sum awarded for her to pay, and recovered judgment, which was satisfied by the plaintiff, who thereupon sued the defendant in assumpsit to recover the amount of such judgment:—
*Held,*

1. That the action was maintainable;

2. That the action being for contribution and not upon the award should be assumpsit;

3. That the submission and award were admissible in evidence; and

4. That the plaintiff recover the full amount paid by him and interest from the time of payment.

ON FACTS AGREED.

APPLETON, C. J.—This is an action of assumpsit in which the plaintiff claims to recover of the defendant the amount paid by him on a judgment, *Calvin Record* v. *William W. Stevens,* (plaintiff,) *Irene S. Record,* (defendant,) and *George M. Stevens.* The judgment was recovered in an action of assumpsit against the above named defendants, and has been paid by the plaintiff, with costs and fees, amounting in all to $100,10.

The plaintiff introduced in evidence a deed of submission between the plaintiff, the defendant and one George M. Stevens, of various disputes between them. In this sub-

mission it was agreed that the referees therein named should determine by whom and in what proportions the cost of said reference should be paid. By the award, which is also in the case, it appeared that the defendant was to pay the sum of eighty dollars, being four-fifths of the cost of reference, and certain sums were to be paid by the other parties to the reference. All the parties to the reference have paid the several sums allotted to them, save this defendant. The amount recovered in the action, *Record* v. *Stevens & als.*, was for the fees of the plaintiff therein as referee, it being the amount awarded to be paid by the defendant.

The evidence offered of the terms of the submission and of the award was clearly admissible. The defendant, by her own agreement, must be held liable to pay the costs of reference as awarded by the referees.

When one of several judgment creditors *ex contractu* pays the whole amount, he may recover contribution of the others. If they were all equally liable, the plaintiff will recover of each his fractional share. But there may be cases in which, as between the defendants, one alone is bound to pay the whole amount, as where one is principal and the rest are his sureties, in which case the surety, who pays, is entitled to recover of the principal the amount thus paid. Such is the case of the defendant in her relation to the other parties to the reference. The plaintiff has been compelled to pay the amount awarded by the reference to be paid by her, and is legally and equitably entitled to recover that sum in this suit. The plaintiff, on his part, has complied with the terms of the submission, and should not bear any part of the burden imposed upon the defendant.

It is objected that assumpsit is not maintainable, as the submission and award are under seal. But the action is not upon the submission or award. They are offered in evidence only to show the true relations of the parties. The suit is the ordinary one for contribution, where one has paid

under legal compulsion, for another, what was the duty of the latter to pay.

At the hearing, the coverture of the defendant, as a ground of exemption from liability, was waived. It is ·not necessary to consider, therefore, what effect that would have on the legal rights of the parties.

> *Judgment for the plaintiff for* $100,10,
> *and interest from March* 13, 1867.

DICKERSON, BARROWS, DANFORTH and TAPLEY, JJ., concurred. ·

*T. H. Haskell*, for the plaintiff.

*C. Record*, for the defendant.